IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELLIOT FRANCIS ARTHUR, | § | |
| #48389-177, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-1932-N-BK |
| | § | (Criminal No. 3:14-CR-201-N-(01)) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the section 2255 be summarily dismissed as time barred.

**I. BACKGROUND**

In 2014, Petitioner pled guilty to being a felon in possession of a firearm, and on April 29, 2015, he was sentenced to 60 months' imprisonment. Crim. Doc. 40. He did not appeal. On June 30, 2016, Petitioner filed this section 2255 motion, challenging his stop and arrest as illegal, claiming he was subjected to racial profiling, and contending that his conviction was based on illegally obtained evidence. Doc. 1 at 7. He later responded, pursuant to Court order, regarding the applicability of the one-year statute of limitations. Doc. 4. Petitioner claims his section 2255 motion is timely by virtue of the mailbox rule because it was mailed on June 20, 2016, and the deadline was June 26, 2016. Doc. 4 at 1.

**II. ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-

year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2255(f); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).

**A. Limitations**

The one-year period begins to run, in most cases, when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). The Supreme Court has held that a judgment becomes final when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003).

Here, Petitioner's conviction became final on May 13, 2015, the last day on which he could have filed a direct appeal from the April 29, 2015 judgment. FED. R. APP. P. 4(b)(1)(A); *Clay*, 537 U.S. at 525. The deadline to file a section 2255 motion expired a year later on May 13, 2016. Because Petitioner did not file his section 2255 motion until June 20, 2016, over a month later, his section 2255 motion is clearly untimely under section 2255(f)(1).[1]

Petitioner asserts his section 2255 motion is timely because it was filed before June 26, 2016, "[t]he deadline to have his motion completed & returned to [the] United States District Court." Doc. 4 at 1. That deadline, however, is applicable only to section 2255 motions raising a claim under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), violates the Constitution's guarantee of due process. *See* 28 U.S.C. § 2255(f)(3)

---

[1] The Court deems the section 2255 motion filed on June 20, 2016, the date Petitioner placed it in the prison mailing system. Doc. 1 at 11. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's mail system).

(providing that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

Even liberally construed, Petitioner's section 2255 motion and response do not raise a claim based on *Johnson*. Petitioner generally references "[a] new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." Doc. 1 at 7. However, he does not challenge any other statute or guideline provision as unconstitutionally vague and focuses instead only on the constitutionality of his stop and arrest. Moreover, Petitioner's sentence was not increased under the ACCA – the only provision that *Johnson* found to be unconstitutional. *See Johnson*, --- U.S. ---, 135 S. Ct. at 2563 (calling into question *only* the residual clause of the ACCA). Rather, Petitioner was sentenced under U.S.S.G. § 2K2.1. *See* Crim. Doc. 25-1 at 6, Presentence Report (PSR) at ¶ 26; Crim. Doc. 41 at 1, Statement of Reasons (SOR) at 1 (accepting PSR, but sustaining objection to the enhancement for possessing a stolen firearm and obstruction of justice). Thus, section 2255(f)(3) is not applicable in this case.[2]

Consequently, the section 2255 motion is clearly outside the one-year statute of limitations absent equitable tolling.

### B. Equitable Tolling

Petitioner posits no facts from which the Court can find that equitable tolling applies. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

[2] Sections 2255(f)(2) and (4) are likewise inapplicable. Petitioner does not appear to base his claims on a government created impediment, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final.

stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States,* --- U.S. ---, 136 S. Ct. 750, 755-756 (2016). *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted). Neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See United States v. Petty,* 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). Accordingly, Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *Id.* at 365.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 is summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**SIGNED** September 2, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE